UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| ISAIAH TYLER, | ) |
| Petitioner, | ) |
| v. | ) No. 0:23-CV-00013-KKC-MAS |
| JAMES DAVID GREEN, | ) |
| Respondent. | ) |

## REPORT AND RECCOMENDATION

Petitioner Isaiah Tyler ("Tyler") filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. [DE #1 (Petition)]. The Court ordered the Petition to be served on the Attorney General of the Commonwealth of Kentucky and ordered that the Commonwealth respond with some additional information. [DE 5; For simplicity, and to reflect the practical party in interest, the Respondent in this matter will be referred to as "the Commonwealth"]. However, the Commonwealth did not respond for several months. The Commonwealth explained that it believes it was never served with a copy of the Petition. [DE 15 and 18]. Though it is regrettable that Tyler's case did not move forward in this time, the Court has no reason to doubt this explanation.

Because the Court still needed a response in order to assess Tyler's claims, the Court again directed the Attorney General of the Commonwealth be served and that it respond to the Court's order. [DE 9]. Before the Commonwealth could respond, Tyler moved the Court for a default judgment based on the lack of the prior response.

1

[DE 11].  The Commonwealth responded to both the Court's order and Tyler's motion. [DE 12, 13, 15, 18, 19, and 20].  The Court recommends the District Court deny the motion.

Several circuits have addressed whether a default judgment is an available remedy in a habeas proceeding.  For example, the Seventh Circuit found that "[a] default judgment, without full inquiry into the merits, is especially rare when entered against a custodian in a habeas corpus proceeding. Although such a remedy is extreme, and may well conflict with the public's right to protection, we think it should be preserved as a sanction against a respondent's unwarranted delay." *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir., 1981); *see also Bermudez v. Reid*, 720 F.2d 748 (2nd Cir. 1983) (granting a stay of the release of a habeas petitioner who was originally granted release on a default judgment due to the Attorney General of New York's dilatory action in the case, solely due to the "gravity of the offense of which defendant was convicted").

In an older case since superseded by statute on other grounds, the Sixth Circuit outright held that default judgments are not available in habeas cases. "We hold that Rule 55(a) has no application in habeas corpus cases[.]" citing *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir. 1970), *superseded on other grounds by statute as stated in Cobb v. Perini*, 832 F.2d 342 (6th Cir. 1987).  And, as the Commonwealth points out, the burden of proof in a § 2254 case is always on the Petitioner.

Here, the Court finds the Commonwealth did not act with unwarranted delay, but merely, there was a clerical or postal error that caused it not to be served with

2

the Petition and the Court's April 28, 2023, Order.  The Commonwealth responded timely to the Court's September 12, 2023, Order.  Regardless, the Sixth Circuit has been clear that default judgments are not available remedies in § 2254 cases in this Circuit.

For these reasons, **IT IS RECOMMENDED** that the District Court **DENY** Tyler's Motion for Default Judgment at DE 11.  Within fourteen days after being served with a copy of this recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  The District Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

Entered this 1st day of December, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY