UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| ISAIAH TYLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 0:23-CV-00013-KKC-MAS |
| ) | |
| JAMES DAVID GREEN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM OPINION & ORDER**

Respondent Warden James David Green ("Commonwealth") has filed a Motion for Leave to File a Limited Answer ("Motion"). [DE 27, 28]. In short, the Commonwealth argues that Petitioner Isaiah Tyler's ("Tyler") petition for writ of habeas corpus is "not the proper vehicle for addressing Tyler's claims." [DE 27, Page ID# 106]. Thus, the Commonwealth filed targeted portions of the state record and only addressed certain portions of Tyler's petition. Tyler responded arguing this petition should be heard in full and is meritorious. [DE 29].

The Court need not address the merits of any arguments raised by the Commonwealth. Rather, the Motion raises the issue of whether a limited answer is the proper procedure at this stage. Upon careful consideration and for the reasons stated below, the Court denies the Commonwealth's motions.

**I.   PROCEDURAL HISTORY**

Tyler filed a motion under 28 U.S.C. § 2254 for a Writ of Habeas Corpus early in 2023. [DE #1 (Motion)]. The Court ordered the Motion to be served on the Attorney

1

General of the Commonwealth of Kentucky and ordered that the Commonwealth respond. [DE 5]. The Commonwealth "shall file an answer, motion, or other response that addresses both the substance of the claims and whether the motion is barred due to failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." [DE 5, Page ID# 51].

After some procedural back and forth to ensure the Commonwealth's appearance, the Commonwealth filed the Motion. In its proposed Limited Answer, the Commonwealth describes the procedural history in state court. [DE 28-1, Page ID# 224-225]. After his conviction, Tyler's conviction in Henderson Circuit was affirmed by the Kentucky Court of Appeals. [DE 28-1, Page ID# 224]. Tyler next sought relief under § 2254 in the Western District of Kentucky. [DE 28-1, Page ID# 225]. The district court, Sixth Circuit, and Supreme Court all denied his motion. [DE 28-1, Page ID# 225]. Tyler then filed a declaratory action in Franklin Circuit Court challenging his designation as a violent offender, a designation that has increased the amount of his sentence he must serve before becoming eligible for parole. [DE 28-1, Page ID# 225]. Franklin Circuit Court dismissed the declaratory action and the Kentucky Court of Appeals affirmed. [DE 28-1, Page ID# 225]. The Supreme Courts of both Kentucky and the United States declined review. [DE 28-1, Page ID# 225].

According to the Commonwealth, the Tyler's declaratory action "is the basis for his present habeas petition." [DE 28-1, Page ID# 225]. The Commonwealth argues given that "Tyler is not challenging the legitimacy or the length of his incarceration," habeas relief is unavailable to him. [DE 28-1, Page ID# 225].

2

## II.     ANALYSIS

The issue before the Court is whether the "limited answer" that was filed by the Commonwealth satisfies the pleading requirements of Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts ("Rule"). The analysis is much more complicated than one would initially suppose.

Rule 4 dictates that, upon a filing of a § 2254 habeas motion, the Court must conduct an initial screening to determine if the motion should be dismissed. If not, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4(b).

From here, courts are wholly inconsistent about the next steps. The decision in *Ebert v. Clarke*, 320 F. Supp. 2d 902 (D. Neb. 2004) details the various approaches taken by districts across the country. "Some courts take the view, as advocated by the petitioner in this case, that [filing a limited answer] promotes judicial efficiency, and ultimately speeds the resolution § 2254 cases, to require respondents to answer completely and to provide all state court records." *Id*. at 906 (citing several cases as examples). Petitioner files the habeas motion, the state answers either fully or in a limited fashion, and the Court resolves the habeas claim. "Other courts are more supportive of a piecemeal approach." *Id*. at 909 (citing several cases as examples). With this approach, the state files an answer **or** motion to dismiss or motion for summary judgment (akin to a civil case) that is resolved through additional briefing. The basis for this approach is that Rule 4 allows for responses other than answer to meet the dictates of Rule 5. *Id*.

3

Nevertheless, the Court returns to the issue before the Court as to the propriety of a "limited answer." Rule 5(b) states that an "answer must address the allegations in the motion. In addition, it must state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing." Here, the Commonwealth refers to its answer as a "limited answer" because it does not address the merits of Tyler's claims but argues that § 2254 is not the correct vehicle for his claim. [DE 28-1, Page ID# 225]. In other words, the Commonwealth is seeking leave to file an answer that is not compliant with the plain text of Rule 5.

The Commonwealth has argued that filing a "limited answer" is more efficient, the same argument advanced in *Ebert* and so many cases cited therein. But, like *Ebert*, the Court stresses the rules permit other, equally efficient choices that better square with the text of the rules. The long-standing practice in this district is to have the Commonwealth answer the habeas motion with no motion practice to follow. The Commonwealth would have a fair point if filing a fulsome answer was the only option. However, nothing about this district's practice prevents the Commonwealth from filing a motion as an alternative to an answer if the Commonwealth believes there is some legal deficiency with the habeas motion, such as an argument addressing the statute of limitations, exhaustion of remedies, etc. As the Court set out in its initial screening order, the Commonwealth may "file an answer, motion, or other response." [DE 5, Page ID# 51]. If the Commonwealth chooses to file an answer, limited or

otherwise, then Rule 5 dictates its contents with no stated exception. If the Commonwealth chooses a different course, such as a motion to dismiss (something contemplated in the Court's screening order, Rule 4, and the Advisory Committee Notes to Rule 4), then the Commonwealth should do so. The Commonwealth, by filing a "limited answer," seeks to have its cake and eat it too with a compromised position that is neither an answer under Rule 5 nor a motion as allowed by Rule 4. The Court cannot grant such relief.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Commonwealth's Motions [DE 27, 28]. Within thirty (30) days from the date of entry of this Order, the Commonwealth shall file an answer, motion, or other response.

Entered this 22nd day of February, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY