UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| ISAIAH TYLER, | ) |
| Petitioner, | ) ) |
| v. | ) No. 0:23-CV-00013-KKC-MAS |
| JAMES DAVID GREEN, | ) ) |
| Respondent. | ) ) |

**REPORT & RECOMMENDATION**

Respondent Warden James David Green ("Commonwealth") has filed a motion to dismiss or, alternatively, a motion for an extension of time to file an answer. [DE 32]. Petitioner Isaiah Tyler ("Tyler") responded objecting to any argument that his petition lacks merit. [DE 33]. The parties agree, at the outset, that Tyler's petition argues that the Kentucky Department of Corrections has improperly classified him as a violent offender under state law prolonging his sentence. The initial dispute is whether such a claim sounds under 28 U.S.C. § 2254, as Tyler has alleged, or some other legal theory.

**I.   PROCEDURAL HISTORY**

On November 13, 2014, Tyler was convicted by a Henderson County jury of one count of complicity to first-degree robbery and being a second-degree persistent felony offender. [DE 1, Page ID# 1]. The later Kentucky Supreme Court decision addressing the conviction detailed the underlying facts. *Tyler v. Commonwealth*, No. 2015-sc-64-MR, 2016 WL 3370931 (Ky. June 16, 2016). In short, Tyler and two other men

1

entered an EZ Shop store in Henderson wearing hooded sweatshirts and masks. *Id.* at *1. The men were armed with a hatchet and knives. *Id.* Eventually, after threatening one of the two employees working at the store, the men obtained the contents of the store's safe and fled the scene. *Id.* Following his conviction and sentence of 40 years, Tyler unsuccessfully appealed the matter all the way to the Kentucky Supreme Court. [DE 1, Page ID# 1].

The Commonwealth stated in its Motion to Dismiss that Tyler then sought habeas relief challenging his conviction, something the Sixth Circuit denied. That procedural history is not germane to the issue before this Court.

Rather, the focus of this case centers on when Tyler filed an action for a Declaratory Judgment in Franklin Circuit Court on March 20, 2020. [DE 1, Page ID# 1]. There, Tyler alleged that the Kentucky Department of Corrections had wrongfully classified him as a violent offender. [DE 1, Page ID# 1]. The Franklin Circuit Court issued an order dismissing the declaratory judgment on July 9, 2020. [DE 1, Page ID# 1]. The Kentucky Court of Appeals affirmed this decision in *Tyler v. Department of Corrections*, 2020-CA-1158-MR, 2021 WL 2021832 (Ky. App. May 21, 2021). Tyler alleges he then sought review with the Kentucky Supreme Court as well as the Supreme Court of the United States. [DE 1, Page ID# 1].

## II.  ANALYSIS

### A.  LEGAL STANDARD

As the Court stated in its prior Memorandum Opinion & Order, courts in this District and the Sixth Circuit have routinely considered, granted and affirmed recommendations granting motions to dismiss in § 2254 federal habeas corpus cases

2

that were filed by respondents before an answer/return of writ and without a court order first authorizing the filing of such a motion. *See Perkins v. Turner*, No. 17-3140, 2018 WL 3812811 (6th Cir. May 15, 2018) (denying application for certificate of appealability of petitioner's federal habeas corpus petition that was filed based upon district court adopting magistrate judge's report and recommendation to grant respondent's motion to dismiss the petition as untimely filed in *Perkins v. Turner*, 3:16-cv-627, 2016 WL 7364707 (N.D. Ohio Nov. 3, 2016)); *Alston v. Erdos*, No. 1:19CV752, 2019 WL 6727434 (N.D. Ohio Dec. 11, 2019), adopting 2019 WL 6732321 (N.D. Ohio Oct. 22, 2019) (Report and Recommendation that Court grant the respondent's motion to dismiss § 2254 federal habeas corpus petition based upon untimely filing); *Massey v. Sloan*, No. 1:18CV1759, 2019 WL 5540500 (N.D. Ohio Oct. 28, 2019) (overruling objections to the Report and Recommendation and granting the respondent's motion to dismiss the petitioner's § 2254 federal habeas corpus petition as untimely filed).

The standard for ruling on a motion to dismiss is that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 570 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41 (1957). In reviewing a motion to dismiss, the Court assumes all of Tyler's allegations in his petition are true. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005). Under that standard, the Court must determine whether the complaint or petition alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3

(quoting *Twombly*, 550 U.S. at 570). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Because Tyler cites several legal decisions constituting the procedural history of his case [DE 1, Page ID# 1], the Court has likewise cited those above to provide context of the procedural history of the claims without contesting or contradicting the contents of those opinions. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.") (citing FED. R. CIV. P. 10(c)). *See also Evans v. Novolex Holding, LLC*, No. 20-98-DLB, 2023 WL 2716524, at *3 (E.D. Ky. March 30, 2023) (permitting review of a document "referred to repeatedly" in the complaint without converting the motion to dismiss to a motion for summary judgment). Thus, the Court may consider the public opinions referenced in Tyler's petition without converting the Commonwealth's motion to dismiss into a motion for summary judgment.

### B. TYLER'S CLAIMS UNDER § 2254

Numerous courts have often struggled with the distinction between claims asserted under 28 U.S.C. § 2254 as opposed to 42 U.S.C. § 1983. The Supreme Court wrote at length about this in the recent decision of *Nance v. Ward*, 597 U.S. 159 (2022).

> This Court has often considered, when evaluating state prisoners' constitutional claims, the dividing line between § 1983 and the federal habeas statute. Each law enables a prisoner to complain of

4

> "unconstitutional treatment at the hands of state officials." But there the resemblance stops. The habeas statute contains procedural requirements (like the second-or-successive rule) nowhere found in § 1983; the former statute may therefore require dismissal of a claim when the latter statute would not. Still more pertinent here, the scope of the two laws also differs. Section 1983 broadly authorizes suit against state officials for the "deprivation of any rights" secured by the Constitution. Read literally, that language would apply to all of a prisoner's constitutional claims, thus swamping the habeas statute's coverage of claims that the prisoner is "in custody in violation of the Constitution." So, we have not read § 1983 literally in the prisoner context. To the contrary, we have insisted that § 1983 contains an "implicit exception" for actions that lie "within the core of habeas corpus."
>
> In defining that core, this Court has focused on **whether a claim challenges the validity of a conviction or sentence**. The simplest cases arise when an inmate, alleging a flaw in his conviction or sentence, seeks "immediate or speedier release" from prison. The analogue in the capital punishment context, also clear-cut, is when an inmate seeks to overturn his death sentence, thus preventing the State from executing him. Slightly less obvious, this Court has held that an inmate must proceed in habeas when the relief he seeks would "necessarily imply the invalidity of his conviction or sentence." In doing so, though, we have underscored that the implication must be "necessar[y]." On the opposite end of the spectrum, the Court has held that a prison-conditions claim may be brought as a § 1983 suit. Such a suit—for example, challenging the adequacy of a prison's medical care—does not go to the validity of a conviction or sentence, and thus falls outside habeas's core.

*Id*. at 167-68 (internal citations omitted).

One of the first Supreme Court cases to address this divide between § 2254 and § 1983 was *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Preiser*, state prisoners brought a § 1983 action challenging the cancellation of their good-behavior-time credits toward a reduction of their sentence. They sought restoration of the credits. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole

5

federal remedy is a writ of habeas corpus." *Id*. at 500.  The Court concluded that the prisoner's § 1983 action was improper because success on the claim would result in speedier release.

*Preiser* is best contrasted against the later decision from the Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005).  *Wilkinson* held that a § 1983 claim is barred no matter the relief sought if success on that claim would demonstrate the invalidity of confinement or its duration.  *Wilkinson* involved two state prisoners who brought an action under § 1983 seeking declaratory and injunctive relief.  They claimed the procedures the state used to determine parole eligibility were unconstitutional.  The court allowed the actions to proceed under § 1983 because neither prisoner sought an immediate or speedier release.

> Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term. . . . ). Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus."

*Id*. at 82-83 (citations omitted).  Rather, Dotson and Johnson sought earlier parole eligibility in the future to seek release, relief only available under § 1983.

Tyler's petition more closely resembles the claims in *Wilkinson* than it does claims such as raised in *Preiser*.  Like the prisoners in *Wilkinson*, Tyler is not seeking immediate release or even relief generally from his judgment and sentence of forty years.  Rather, Tyler wants the Department of Corrections to reconsider his classification as a violent offender to permit him to become parole eligible much

6

sooner under KRS 439.3401. [DE 1-2, Page ID# 15-18]. Nothing in Tyler's argument touch upon the core of the original judgment and sentence. Tyler's claims fall on the § 1983 side of the analysis like in *Wilkinson* as opposed to the § 2254 side as with *Preiser*. The Court acknowledges that if Tyler were to prevail on his argument, and obtain a new parole hearing, and prevail at that parole hearing, he could, in this hypothetical, be released. However, that is not the same thing as immediate release because his sentence or judgment is invalid as in *Preiser*; as the Wilkinson court noted, the claim is one "for *future* relief" before the parole board "which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration." *Id*.

In the end, Tyler's claims can only be pursued in a civil rights action, not a habeas corpus petition. *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006). Thus, the undersigned will recommend that the Court dismiss the petition without prejudice so that Tyler can assert his claims in a civil rights complaint if he so chooses and does so properly. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to demonstrate that "jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

7

*McDaniel*, 529 U.S. 473, 484 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 Fed. App'x 771, 774 (6th Cir. 2005).

In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists would not debate the denial of Tyler's § 2254 petition as outside the scope of such statutory relief. Tyler does not seek relief that goes to the core of habeas relief challenging the validity of his conviction or sentence. Rather, Tyler seeks to obtain earlier parole eligibility, something the Supreme Court has held is resolved under § 1983. The undersigned recommends the District Court find that Tyler is not entitled to a certificate of appealability.

## IV.   CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Commonwealth's Motion to Dismiss is **GRANTED** [DE 32], Tyler's § 2254 petition [DE 1] be **DENIED**, and that this matter be **DISMISSED WITH PREJUDICE**, and that no certificate of appealability should issue.

8

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights concerning this Recommended Disposition. Within fourteen (14) days after being served with a copy of this decision, the parties may serve and file objections to the findings and recommendations herein for de novo determination by the District Court. 28 U.S.C. § 636(b)(1). Failure to make timely objections will normally result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150–51 (1985).

Entered this 30th of June, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY