UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| ISAIAH TYLER,<br><br>　　　Petitioner,<br><br>v.<br><br>JAMES DAVID GREEN,<br><br>　　　Respondent. | CASE NO. 0:23-CV-13-KKC-MAS<br><br><br>**OPINION AND ORDER** |

*******************

　　　This matter is before the Court on Respondent James David Green's motion to dismiss or, alternatively, a motion for an extension of time to file an answer (DE 32) and Magistrate Judge Matthew A. Stinnett's Report and Recommendation (DE 34) that the motion to dismiss is granted and Isaiah Tyler's § 2254 petition be denied without prejudice.

　　　The petitioner was convicted by a Henderson County jury of one count of complicity to first-degree robbery and being a second-degree persistent felony offender. (DE 1 at 1.) He was sentenced to 40 years of imprisonment and unsuccessfully appealed the matter to the Kentucky Supreme Court. (*Id.*) He subsequently filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (DE 1) and Respondent Green moved the Court to dismiss the petition as procedurally barred. (DE 32.)

　　　The magistrate judge found that the defendant's arguments were procedurally barred because they were improperly filed as a § 2254 petition. (DE 34 at 5-6.) Because of this, the magistrate judge declined to discuss the merits of the petition and recommended that it be dismissed without prejudice, affording the defendant an opportunity to file his petition

properly. (*Id.* at 6-7.) Accordingly, the magistrate judge entered his recommendation that the respondent's motion to dismiss be granted and the action be dismissed without prejudice, with no certificate of appealability issued. (*Id.*)

The petitioner filed his objections to the magistrate judge's recommendation within the given objection period. (DE 35.) The Court will analyze his objections in turn.

I. **Relief under 28 U.S.C. § 2254**

First, Tyler argues that § 2254 is the proper avenue for his petition because his claims challenge "the duration of his confinement[,] not the conditions of it." (DE 35 at 2.) As the magistrate judge notes in his recommendation, this argument is flawed because his petition is not strictly directed at shortening the duration of his sentence. (*Id.* at 7.) Claims arising under § 2254 occur when an inmate alleging a flaw in his conviction or sentence seeks "immediate or speedier release" from prison. *Nance v. Ward*, 597 U.S. 159, 167-68 (2022) (internal citations omitted). Here, Tyler's petition is for future relief and nothing in his argument touches upon the core of his original judgment or sentence.

The magistrate judge correctly explains that when an inmate is seeking future relief, such as earlier eligibility for parole, they are not seeking immediate or speedier release. (DE 34 at 7.) Here, Tyler seeks earlier eligibility for probation which *could* conceivably lead to a future release—not an immediate or speedier release due to a flaw in his conviction or sentence. (*Id.*) This kind of relief is best sought under a 28 U.S.C. § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) (finding that relief such as earlier parole eligibility is only available under § 1983). Accordingly, § 2254 is not the appropriate avenue for the specific relief that Tyler seeks in this matter.

II. **Violent Offender Classification**

Next, Tyler argues that he should not be classified as a violent offender because no one on the scene of the crime sustained a "serious" physical injury. (DE 35 at 5.) Within this

2

argument, he sets out to define what constitutes a "serious" physical injury and how that definition has been interpreted. (*Id.* at 8-9.) The Court declines to discuss the merits of this argument because his petition is procedurally flawed.

### III. Conclusion

Having reviewed the magistrate judge's report and recommendation and agreeing with its analysis, the Court hereby ORDERS as follows:

1) the Report and Recommendation (DE 34) is ADOPTED as the Court's opinion;

2) Respondent Green's Motion to Dismiss (DE 32) is GRANTED;

3) Petitioner Tyler's petition for writ of habeas corpus under 28 U.S.C. § 2254 (DE 1) is DISMISSED WITHOUT PREJUDICE;

4) a Certificate of Appealability will not be issued, Tyler having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

5) a judgment consistent with this Order and the Report and Recommendation will be entered contemporaneously.

This 26th day of July, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY